**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SUSAN ANN EMTER,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV-14-280-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Randy J. Fair represents plaintiff (Emter). Special Assistant United States Attorney Danielle R. Mroczek represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 15.

ORDER ~ 1

## JURISDICTION

Emter applied for disability insurance benefits (DIB) on October 19, 2010, alleging disability beginning September 1, 2004 (Tr. 123-29). The claim was denied initially and on reconsideration (Tr. 84-86, 89-90).

Administrative Law Judge (ALJ) Caroline Siderius held a hearing December 12, 2012. Emter, represented by counsel, and medical and vocational experts testified (Tr. 30-63). On January 10, 2012, the ALJ issued an unfavorable decision (Tr. 14-23). The Appeals Council denied review June 27, 2014, making the ALJ's decision final. On September 24, 2014 Emter filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Emter was 53 years old at the hearing. She graduated from high school and last worked as a cashier in 2004. She has also worked as a counter attendant, sales representative and order clerk. She was insured through December 31, 2006 (Tr. 14, 16, 40, 54-55).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one ALJ Siderius found Emter did not work at SGA levels after onset (Tr. 16). At steps two and three, she found Emter suffers from hypertension and migraine headaches which have remained under control; dysmetabolic syndrome and history of diverticulitis; fibromyalgia and history of left total hip arthroplasty with full recovery, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 16-17). The ALJ found Emter less than fully credible. She assessed a residual functional capacity (RFC) for a range of sedentary work (Tr.

17). At step four, relying on the VE, the ALJ found Emter is unable to perform her past relevant work (Tr. 21). At step five, again relying on the VE's testimony, the ALJ found Emter can perform other jobs such as receptionist, cashier II and bench hand (Tr. 22). Accordingly, the ALJ found Emter is not disabled as defined by the Act (Tr. 22-23).

## ISSUES

Emter alleges the ALJ erred when she weighed the medical evidence and assessed credibility. ECF No. 14 at 8. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 15 at 4.

## DISCUSSION

*A. Credibility*

Emter alleges the ALJ's credibility assessment is not properly supported. ECF No. 14 at 17-19. The Commissioner answers that the ALJ's reasons are supported by the evidence. ECF No. 15 at 17-19.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for

ORDER ~ 7

rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's reasons are clear and convincing.

The ALJ considered Emter's inconsistent statements, infrequent medical treatment and lack of supporting objective evidence. All suggest greater functional capacity than alleged (Tr. 17-21).

Emter sits a lot and knits. Sitting is limited to 15-20 minutes (Tr. 19, referring to Tr. 43, 45-46, 48, 159). She uses a sitting cart for shopping. Her spouse does all of the shopping (Tr. 19, 42-43, 47, 158, 162).

The ALJ considered the unexplained or inadequately explained lack of medical treatment. Emter's last insured date was December 31, 2006. She was seen for back pain in June 2003 but did not return until March 2004, at which time she was seen for dysmetabolic syndrome (Tr. 18). She complained of back pain again in April 2005 and denied radiculopathy symptoms (Tr. 18, Ex. 3F, 6F/14, 9F). Tests in May 2005 eventually revealed a herniated disc; however, Emter did not follow up until May 2006 (Tr. 208, 280). The ALJ is correct that these records show Emter

only presented once or twice a year during the relevant period for specific complaints. Chronic conditions of migraine and hypertension were stable (Tr. 18).

The ALJ relied on the lack of objective evidence supporting alleged limitations. Emter consistently treated with a chiropractor, Bruce Hurst, DC, from November 2003 to December 2006. These records show improvement with chiropractic treatment, both physically and on image testing. Notes indicate severe tautness and tenderness in November 2003 (Tr. 227). In February 2004, Dr. Hurst states "I feel that she is progressing and shows a favorable response to care" (Tr. 235). Beginning in September 2004, he changed Emter's diagnosis from cervical, thoracic and lumbar subluxation, to cervical *somatic* dysfunction, lumbar *somatic* dysfunction and thoracic *somatic* dysfunction (Tr. 18, referring to Exhibit 5F at Tr. 219-41)(italics ALJ's). Hurst made the same diagnosis of somatic problems in March 2006 (Tr. 249) and similarly in November 2006, just before Emter's last insured date (Tr. 250).

The ALJ may consider inconsistent statements when assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Lack of consistent treatment is properly considered. *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Subjective complaints contradicted by medical records may also be considered, as long as it is not the only

basis for discrediting a claimant's subjective complaints. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ's credibility assessment is supported by the evidence and free of harmful error.

*B. Mental impairments*

Emter alleges the ALJ should have found mental impairments were medically determinable and severe at step two; or, at the very least, should have further developed the record. ECF No. 14 at 9-11. The Commissioner responds that the burden at step two was Emter's and she failed to meet it, and any error in failing to supplement the record was invited by counsel at the hearing. ECF No. 15 at 5-10.

At step two, a claimant must establish that he or she suffers from a medically determinable impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005). The existence of a medically determinable impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings. SSR 96-4p.

Next, the claimant has the burden of proving that "these impairments or their symptoms affect [her] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-1160 (9th Cir. 2001). Denial of a claim at step two is only appropriate if the medical signs, symptoms and laboratory findings establish only a slight abnormality that would not be expected to interfere with a person's

ability to work. This has been described as a "de minimus" screening device designed to dispose of groundless or frivolous claims. *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988); SSR 85-28.

The ALJ did not find Emter suffered from any medically determinable mental impairment. The evidence Emter cites includes observations and evidence long after the last insured date, as the Commissioner accurately points out. ECF No. 15 at 6-8. *See e.g.,* Dr. Hutton notes depression in 2010, almost four years after Emter's insurance expired (Tr. 337, 476). Another treating doctors notes she "seems fairly anxious" in August 2005 (Tr. 289).

Neither category of evidence stablishes a medically determinable mental impairment, let alone a severe one, during the relevant period. The medical expert opined Emter was able to work. He did not address mental impairments. Emter's application alleged she was disabled due to physical limitations (fibromyalgia and hips) and did not allege mental limitations (Tr. 139, 155, 160-61).

With respect to invited error, at the hearing the ALJ specifically asked counsel if any mental impairments were alleged. He responded

"Amy Hutton mentioned it in her letter of June 2012, but she's a general practitioner, I believe, just an M.D.

ALJ: Well, I mean, what – and I don't recall what she discussed.

ATTY: She simply said depression and –

ORDER ~ 11

ALJ: So just general, no real treatment for that.

ATTY: And some anxiety. No real treatment. I did not believe that she was including it in her physical limitations, when she stated those, as our prior doctor testified. But that's what we have.

ALJ: Okay.

ATTY: **Very, very little. Very little.**

ALJ: Okay. All right."

Tr. 55-56 (emphasis added).

No request was made to further develop the record.

The ALJ's duty to develop the record is triggered when the evidence is ambiguous or the record is inadequate to make a disability determination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). If a claimant can demonstrate prejudice or unfairness as a result of the ALJ's failure to fully and fairly develop the record, the decision may be set aside. *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1991). The Ninth Circuit thus places the burden of proving prejudice or unfairness on the claimant. The undersigned finds that the claimant has not met this burden. Emter was represented by the same counsel at the hearing as on appeal. It appears error if any was invited. Moreover, the ALJ included limitations related to somatic pain complaints in the RFC when she limited Emter to only one to three step tasks (Tr. 17). Emter fails to identify other limitations allegedly caused by mental

impairments that existed prior to the her last insured date, and the Court will not speculate.

*C. Dr. Hutton and Listing 1.04C*

Emter alleges the ALJ failed to properly credit the opinion of treating doctor Amy Hutton, M.D., and should have found that her impairments met Listing 1.04C. ECF No. 14 at 11-17.

In 2012 Dr. Hutton opined Emter was unable to work due to chronic pain and depression, and stated this opinion applied back to the relevant insured period, which ended December 31, 2006 (Tr. 20, 585-92).

The medical expert, Sterling Moore, M.D., reviewed the record and opined no Listing was met. He assessed an RFC for sedentary work with the option to change positions every thirty minutes -- the RFC assessed by the ALJ. He reviewed Dr. Hutton's opinions and pointed out that they are unsupported by her objective examination and by other medical evidence in the record (Tr. 36-38).

The other evidence includes records showing improvement with chiropractic treatment and limited complaints and treatment after hip surgery in July 2006 (Tr. 21, 207-08, 221, 228-29, 236, 247, 250, 288, 293-95, 371, 373-78). Dr. Hutton's own objective examinations do not support the assessed dire limitations. *See* Tr. 208, 599 and 600: alert, in no distress; Tr. 336-37: doing well on current regimen for chronic pain, 2010; Tr. 601: limited range of motion but strength is 5/5; Tr. 603: she

feels has been doing pretty well using norco regularly for pain; Tr. 606: review of cervical spine shows no acute findings.

Opinions that are internally inconsistent may properly be given less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may not rely *solely* on a nonexamining expert's opinion when rejecting the opinion of a treating doctor, as this does not constitute substantial evidence. *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir. 1990)(emphasis added). Here, in addition to Dr. Moore's testimony, the ALJ relied on other contradictory medical evidence and Dr. Hutton's inconsistent and unsupported opinions.

The same evidence supports the ALJ's finding Emter's impairments did not meet or equal a Listing. ALJ properly weighed the medical evidence.

*D. Step five*

Emter alleges the ALJ erred at step five by failing to include all of her limitations in the hypothetical posed to VE. ECF No. 14 at 19-20. The Commissioner answers that the hypothetical contained all limitations supported by the record. ECF No. 15 at 19-20.

In "hypotheticals posed to a vocational expert, the ALJ must only include

ORDER ~ 14

those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). Counsel admitted at the hearing was "very little" rather than substantial, evidence of severe mental impairments.

The ALJ's hypothetical correctly included only those limitations supported by substantial evidence.

Emter alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial

ORDER ~ 15

evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 15**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 20th day of July, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
